IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,227-01






EX PARTE DANNY RAY BELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W90-32297Q (A) IN THE 204TH JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to murder and was
sentenced to twenty years' imprisonment. 

 Applicant contends that he is being denied credit for pre-sentencing jail time, the granting
of which was part of his plea agreement, and that he is being illegally confined past his discharge
date because of the denial of such time credit. The trial court finds that Applicant has already been
granted credit for all the time requested by way of a judgment nunc pro tunc. Although the habeas
record contains a copy of a motion for judgment nunc pro tunc, it does not contain an order granting
such motion, or a judgment nunc pro tunc granting Applicant the credit. Furthermore, Applicant is
still incarcerated, with a discharge date indicating that he has not received credit for the time in
question. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may order depositions, interrogatories or a hearing. In the appropriate case,
the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it
shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. C ode
Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant is entitled to the credit
for pre-sentencing jail time which he seeks. If so, the trial court shall make findings as to whether
there has been a ruling made on Applicant's motion for judgment nunc pro tunc, and if not, why not. 
If the trial court has signed an order granting or denying the motion for judgment nunc pro tunc, the
trial court shall supplement the record with a copy of such order. If the trial court signed an order
granting the motion for judgment nunc pro tunc, copies of the order shall be sent to the Texas
Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 9, 2011

Do not publish